IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

HARRY KEITH MILLER                                                                   PLAINTIFF

v.                                            Civil No. 6:19-CV-06083

ROBERT JONES and                                                                   DEFENDANTS
NURSE ROBERTSON

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983.  Pursuant to
the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Susan O. Hickey, Chief
United States District Judge, referred this case to the undersigned for the purpose of making a
Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison
Litigation Reform Act (PLRA).  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to
screen any complaint in which a prisoner seeks redress from a governmental entity or officer or
employee of a governmental entity.  28 U.S.C. § 1915A(a).

## I. BACKGROUND

Plaintiff filed his Complaint on July 12, 2019.  (ECF No. 1).  Plaintiff was ordered to submit
an *in forma pauperis* application, and he did so on July 22, 2019.  (ECF No. 4).  Plaintiff filed a
Supplement to his Complaint on July 31, 2019.  (ECF No. 5).  Plaintiff alleges he was denied
dental and medical care while incarcerated in the Arkansas Department of Correction ("ADC").
Plaintiff alleges he was made to wait 15 months to have two teeth pulled.  (ECF No. 1 at 4).  He
names Defendant Jones for this claim and identifies him as "dental practitioner" and an employee
of Correct Care Solutions.  (*Id*. at 2, 4).  In his Supplement, Plaintiff attaches grievance SNU18-
00070, in which his complaints concerning his dental care were found to be with merit due to the

1

delay in treatment for two cavities.  (ECF No. 5 at 3).  Plaintiff also alleges Defendant Robertson

would not follow up on his claims of pain in his neck and back, and as a result, it took 18 months

for Plaintiff to receive a CT scan and medication.  (ECF No. 1 at 6).  He identifies Robertson as a

nurse and employee of Correct Care Solutions.  (*Id*. at 3).  In his Supplement, Plaintiff provided

grievance GR-19-00170.  In this document, Plaintiff stated his neck and back pain were the result

of an excessive force incident in 2017.  (ECF No. 5 at 1-2).  The grievance response noted Plaintiff

had been scheduled and rescheduled for a CT scan several times staring in 2017 but did not receive

one until February 7, 2019.  His grievance was found to be without merit.  (*Id*.).

Plaintiff proceeds against both Defendants in their official and personal capacities.  (ECF

No. 1 at 5).  He seeks compensatory and punitive damages.  (*Id*. at 7).

## II.  LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being

issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are

frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*,

490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it

does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic

Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted

sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less

stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537,

541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  Even a *pro se* Plaintiff

must allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337

(8th Cir. 1985).

## III.  ANALYSIS

### A.  Official Capacity Claims

Correct Care Solutions is a private correctional health care services corporation contracted

with the ADC to provide those services.  Defendants are identified as employees of Correct Care

Solutions.  Through this contract, Correct Care Solutions and Defendants are acting under color of

state law and are subject to suit under § 1983.  *West v. Atkins,* 487 U.S. 42 (1988); *Burke v. North*

*Dakota Dept. of Corrections and Rehab*., 294 F.3d 1043 (8th Cir. 2002); *Montano v. Hedgepeth,*

120 F.3d 844, 849-50 (8th Cir. 1997).

Under Section 1983, a defendant may be sued in either his individual capacity, or in his

official capacity, or in both.  In *Gorman v. Bartch,* 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit

Court of Appeals discussed the distinction between individual and official capacity suits.  As

explained by the Court in *Gorman*:

> "Claims against government actors in their individual capacities differ from those
> in their official capacities as to the type of conduct that is actionable and as to the
> type of defense that is available.  *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358,
> 116 L.Ed.2d 301 (1991).  Claims against individuals in their official capacities are
> equivalent to claims against the entity for which they work; they require proof that
> a policy or custom of the entity violated the plaintiff's rights, and the only type of
> immunity available is one belonging to the entity itself.  *Id.* 502 U.S. at 24-27, 112
> S.Ct. at 361-62 (1991).  Personal capacity claims, on the other hand, are those which
> allege personal liability for individual actions by officials in the course of their
> duties; these claims do not require proof of any policy and qualified immunity may
> be raised as a defense.  *Id.* 502 U.S. at 25-27, 112 S.Ct. at 362."

*Gorman,* 152 F.3d at 914.

Here, Plaintiff failed to identify any custom or policy of Correct Care Solutions which, implemented by their employees, violated his constitutional rights. Plaintiff, therefore, fails to state any plausible official capacity claims against Correct Care Solutions or their employees.

### B. Defendant Jones

Plaintiff's personal capacity claim against Defendant Jones is subject to dismissal. "Liability under Section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370 (1976)). Thus, to state a cognizable Section 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights. Plaintiff identified Defendant Jones as a "dental practitioner." He did not, however, allege any causal link between Defendant Jones and the delay in treatment for his teeth. *See Martin*, 780 F.2d 1337 (even a pro se Plaintiff must allege specific facts sufficient to state a claim). Plaintiff, therefore, fails to state a plausible personal capacity claim against Defendant Jones.

### IV. CONCLUSION

Accordingly, I recommend that Plaintiff's claims against Defendant Jones be DISMISSED WITHOUT PREJUDICE and Defendant Jones terminated as a Defendant in this case. I further recommend that Plaintiff's official capacity claim against Defendant Robertson be DISMISSED WITHOUT PREJUDICE. Finally, I recommend that Plaintiff's personal capacity claim against Defendant Robertson for refusing to treat his neck and back pain remain for further consideration.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the**

**district court.**

DATED this 7th day of August 2019.

/s/ *Mark E. Ford*
_____

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE